UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICKEY TRAVIS                                      CIVIL ACTION NO. 10-0113

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

JOHN E. POTTER                                     MAGISTRATE JUDGE HORNSBY
POSTMASTER GENERAL

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 4) filed by Defendant John E. Potter, Postmaster General of the United States Postal Service ("Potter"). Potter seeks dismissal of the instant action on the grounds of *res judicata*, or claim preclusion. See id. Plaintiff Rickey Travis ("Travis") opposes the motion and asks the Court "to enforce the arbitrator's restoration order." Record Document 9 at 3. For the reasons which follow, the Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND.**

In 2004, Travis filed a complaint against Potter entitled Rickey Travis v. John E. Potter, Civil Action No. 04-0899 (hereinafter referred to as "the 2004 action"). In the 2004 action, Travis asserted claims under Title VII, the Rehabilitation Act of 1973, and the Louisiana Anti-Discrimination Statute. All of Travis' employment discrimination claims were eventually dismissed. See Record Documents 17-18, 31-32 in Civil Action No. 04-0899. Travis appealed, but the United States Court of Appeals for the Fifth Circuit affirmed this Court's ruling on March 7, 2007. See Record Document 37 in Civil Action No. 04-0899.

On January 26, 2010, Travis filed the instant action against Potter, hereinafter referred to as " the 2010 action." See Record Document 1. Travis entitled the complaint in the 2010 action, "Petition for Enforcement of Arbitrator's Decision." Id. The allegations

made in paragraphs one through eight of the 2010 action are identical to those set forth in his 2004 action.  See id.  The allegations made in paragraph nine of the 2010 action are also identical, except that he petitions the Court to enforce the decision of Arbitrator Jo Ann Nixon.[1]  See id. at ¶ 9.

## II.     LAW AND ANALYSIS.

### A.     Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim

---

[1] The claims in the 2004 suit related to the disciplinary action imposed on Travis following a 2002 altercation between he and a co-worker.  See Record Document 37 at 4 in Civil Action No. 04-0899.  After an investigation of the altercation, Travis received a "Notice of Proposed Removal."  See id. at 3-4 in Civil Action No. 04-0899.  The National Association of Letter Carriers filed a formal grievance on his behalf.  See id. at 4 in Civil Action No. 04-0899.  On review, Arbitrator Jo Ann Nixon concluded that there was no just cause to support removal, but that Travis' conduct was improper under the circumstances presented.  See Record Document 1, Exhibit 2 at 7 in Civil Action No. 04-0899.  She set aside the "Notice of Proposed Removal," but rendered a 14 day suspension.  Id., Exhibit 2 at 8 in Civil Action No. 04-0899.  She further stated that Travis was "to remain at work, and in the event of lost time, he [was] to be restored less the time of his suspension."  Id., Exhibit 2 at 8 in Civil Action No. 04-0899.  It is this restoration order that Travis now seeks to enforce in the 2010 action.

to relief that is plausible on its face. See Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of res judicata are apparent on the face of the pleadings. See Kan. Reinsurance Co. v. Mktg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir.1994). In ruling on a such a motion, the Court "may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir.2003).

### B. *Res Judicata*, or Claim Preclusion.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 415 (1980). The Fifth Circuit employs a four-prong test for *res judicata*: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must have been a final judgment on the merits; (4) the same cause of action must be involved in both cases. See Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 559 (5th Cir.1983) (en banc). Additionally, where the four elements of the res judicata test are met, we must also determine whether "the previously unlitigated claim could or should have

been brought in the earlier litigation." D-1 Enters., Inc. v. Commercial State Bank, 864 F.2d 36, 38 (5th Cir.1989).

Here, the first three prongs of the *res judicata* test are easily met. The parties in both suits are the same: Rickey Travis as Plaintiff and John Potter, Postmaster General of the United States, as Defendant. The judgment in the 2004 case was rendered by this Court and the Fifth Circuit Court of Appeals, both courts of competent jurisdiction. The prior action was also concluded to a final judgment on the merits, all the way through to the United States Court of Appeals for the Fifth Circuit.

As to the fourth prong, the Court must determine if the 2004 action and the 2010 action involve the same cause of action. To make this determination, the Court applies a "transactional test," wherein "the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original] action arose." In re Paige, 610 F.3d 865, 872 (5th Cir. 2010) (citations and internal quotations omitted). The key consideration "is whether the two actions under consideration are based on the same nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted." Id. (citations and internal quotations omitted). It is clear that the same cause of action is involved in both the 2004 and 2010 actions. The two actions are based on the same nucleus of operative facts, as the 2010 action uses the exact same wording as the 2004 action. The 2010 action is essentially a restatement of the factual allegations raised in the 2004 action. The only difference between the two actions is Travis' request in the 2010 action for the Court to enforce the arbitrator's restoration order. However, even

if the Court assumes this to be a viable claim, it is one that could or should have been brought in the earlier litigation, as the restoration order was rendered in 2004 and a copy of the arbitrator's decision was attached to Travis' 2004 complaint.[2] Accordingly, the Motion to Dismiss is **GRANTED**.

### III. CONCLUSION.

Based on the foregoing, the Court finds that the instant action is barred on the grounds of *res judicata*, or claim preclusion. Accordingly, the Motion to Dismiss (Record Document 4) filed by Potter is **GRANTED** and all of Travis' claims are **DISMISSED**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 4th day of October, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In opposing the Motion to Dismiss, Travis attached a copy of a July 21, 2005 Investigative Report from Melissa Fernandiz, an EEO Complaints Investigator. See Record Document 9, Exhibit 1. Travis notes that this report was not part of the original action. See Record Document 9 at 2. Yet, this report was not attached to, or incorporated into, his 2010 complaint and it does not appear to be the type of document of which judicial notice may be taken. See U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir.2003) (In ruling on a Rule 12(b)(6) motion on *res judicata* grounds, the Court "may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken.").